**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolyn Merrill-Smith,<br><br>  Plaintiff,<br><br>v.<br><br>La Frontera Arizona Empact SPC, et al.,<br><br>  Defendants. | No. CV-16-02677-PHX-ROS<br><br>**ORDER** |

Plaintiff Carolyn Merrill-Smith ("Plaintiff") worked as a social worker for Defendant La Frontera Arizona Empact SPC ("Frontera"). Plaintiff alleges her coworkers suspected she was abusing her stepdaughters, and began to harass and spread rumors about her. Plaintiff alleges her health and work performance suffered as a result. Due to her medical condition, Plaintiff allegedly requested and went on undefined leave for five months, starting in August 2013. Plaintiff alleges that she continued to request additional medical and/or FMLA leave, which Frontera denied. Plaintiff's Third Amended Complaint ("TAC") alleges Frontera's actions violated the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). Frontera moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted. Plaintiff has alleged a viable FMLA claim and the motion is denied as to this claim. However, the Court agrees that Plaintiff's ADA claim is not supported by sufficient factual allegations and grants Frontera's motion to dismiss the ADA claim.

**BACKGROUND**

In support of her FMLA and ADA claims, Plaintiff's Third Amended Complaint alleges the following:

Plaintiff worked at the Tempe office of Frontera, a nonprofit organization that offers counseling, including for suicide and trauma. Plaintiff has worked at Frontera for 17 years in various positions. At the time of the events at issue, Plaintiff was a Hotline Therapist and was in the process of applying to be a Licensed Master Social Worker.

Since approximately 2000, Plaintiff has suffered from hypothyroidism and a genetic nerve condition. Her medical condition worsens in stressful situations and causes hyperventilation, tremors, difficulty in managing emotions, headaches, sleeping difficulties, dream trauma, weight increase, decreased energy, depression, and anxiety. Plaintiff's medical condition was known to her employer and coworkers.

In January 2012, Plaintiff married and became the stepmother of her husband's two daughters from a prior relationship. These stepdaughters had allegedly been abused by their biological mother and their own boyfriends. Plaintiff asked Frontera if her stepdaughters could obtain counseling services through Frontera. Despite Frontera's policy against providing counseling services to employees' family members, it agreed to provide counseling to Plaintiff's stepdaughters. Approximately two months later, Plaintiff's stepdaughters still had not initiated counseling through Frontera, so Plaintiff again inquired Frontera about counseling for them.

Plaintiff alleges her coworkers began to wrongly suspect Plaintiff of abusing her stepdaughters. In addition, Plaintiff's stepdaughters and their mother allegedly made efforts to discredit Plaintiff: one stepdaughter planted a white powdery substance in Plaintiff's car, and the stepdaughters' mother initiated several investigations into Plaintiff, conducted by Frontera, Child Protective Services, and the local sheriff's office. Due to these false allegations and rumors, Plaintiff's coworkers allegedly began to harass Plaintiff to the point of creating a "toxic" work environment. As a result, Plaintiff's health and work performance suffered and continued to deteriorate.

| | |
|---|---|
| 1 | In August 2013, Plaintiff asked her supervisor at Frontera for "medical leave" because her medical condition had made it "impossible to do her job." Plaintiff also asked for, as an alternative to medical leave, a transfer to another department at Frontera. Plaintiff alleges she was denied both. In addition, Plaintiff was told that Frontera does not give medical leave and instead places employees in a "pool" program, which allows employees to take time off without pay. The "pool" program, however, allegedly requires employees to work a minimum of two shifts per month "regardless of the need for leave." |

While Plaintiff was in the "pool" for five months, she "continued to ask" Frontera for more time off for "medical leave and/or compassionate or FMLA leave." Frontera denied all requests for leave other than "pool" time. When Plaintiff did not return to work after five months in the "pool" and was denied additional leave, she was terminated by Frontera in January 2014.

Plaintiff sued Frontera on April 25, 2016, alleging numerous violations. (Doc. 2). Frontera moved to dismiss. (Doc. 6). The Court dismissed Plaintiff's claims but granted Plaintiff limited leave to amend her FMLA and ADA claims. (Doc. 12). Plaintiff filed an amended complaint, reasserting her FMLA and ADA claims. (Doc. 15.) Frontera moved to dismiss again, arguing Plaintiff's claims were either time-barred or not supported by sufficient factual allegations. (Doc. 17.) The Court dismissed Plaintiff's claims and denied her request for punitive damages, but granted Plaintiff one final opportunity to amend her FMLA and ADA claims. (Doc. 24.) Frontera moved to dismiss Plaintiff's Third Amended Complaint, arguing once again that Plaintiff's claims are not supported by sufficient factual allegations. (Doc. 30.)

**ANALYSIS**

To survive a motion to dismiss, Plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 of the Federal Rules of Civil Procedure

requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Additionally, this Court liberally construes pleadings for pro se plaintiffs. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

**I. FMLA Claim**

Plaintiff alleges Frontera interfered with her FMLA rights when it: (1) denied her medical leave on her date of placement in the "pool"; and (2) denied her FMLA and/or medical leave after she was already placed in the "pool." Frontera argues Plaintiff's claim should be dismissed because Plaintiff fails to establish that she was eligible for and entitled to FMLA leave.

To the extent that Plaintiff's claim is based upon Frontera's denial of her medical leave when it placed her in the "pool," Plaintiff has sufficiently stated an FMLA claim. Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny" an employee's rights under the FMLA. 29 U.S.C. § 2615(a)(1). To establish a prima facie case for FMLA interference, Plaintiff must show: (1) she was FMLA-eligible; (2) Frontera was covered by the FMLA; (3) Plaintiff was entitled to FMLA leave; (4) Plaintiff provided sufficient notice of her intent to take leave; and (5) Frontera denied Plaintiff FMLA benefits to which Plaintiff was entitled. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (citation omitted).

As an initial matter, Plaintiff alleges in the Third Amended Complaint, and Frontera does not dispute, that Frontera is covered by the FMLA because it is a private sector employer with over 200 employees. (TAC ¶ 29A.)

Next, Plaintiff sufficiently alleges that she was eligible for FMLA leave when she

requested "medical leave" in August 2013 and was instead placed in the "pool" because Frontera did not offer medical and/or FMLA leave. In order to be FMLA eligible, Plaintiff must have worked for Frontera at least 1,250 hours during the prior twelve months. 29 U.S.C. § 2611(2)(A). Plaintiff alleges that in August 2013, she "asked her designated supervisor for leave due to her medical conditions," and at that time, she had "worked 20 or more workweeks within the prior 12 months (a total of about 1600 hours)." (TAC ¶ 29B.) This total of 1600 hours exceeds the requisite 1,250 hours during the prior twelve months.

Frontera does not dispute that Plaintiff was eligible for FMLA leave in August 2013. Rather, Frontera argues that Plaintiff failed to allege that she had worked 1,250 hours in the twelve months prior to asking for FMLA leave in January 2014. Frontera correctly points out that Plaintiff had already taken five months off when she requested leave in January 2014, and Plaintiff did not establish that she had worked the requisite hours in the twelve months before January 2014. However, Frontera's argument does not address Plaintiff's allegation that she was denied FMLA leave in August 2013, when Frontera placed her in the "pool" rather than granting her FMLA leave. While Plaintiff does not allege that she specifically requested FMLA leave in August 2013, "Plaintiff need not show that she expressly asserted rights under FMLA or even mentioned FMLA, but that she stated leave was needed for a potential FMLA-qualified reason." *Escriba* v. *Foster Poultry Farms*, 793 F. Supp. 2d 1147, 1161 (E.D. Cal. 2011).

Frontera further argues that Plaintiff was not entitled to FMLA leave. Under the FMLA, an employee is entitled to 12 weeks off from work during any 12-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position." 29 U.S.C. § 2612(a)(1)(D). Frontera argues that Plaintiff was not entitled to more than 12 weeks of leave per year, and that she had already taken five months off in "pool status"—far exceeding the 12-week entitlement. Again, Frontera fails to address Plaintiff's allegation that Frontera denied her FMLA leave when she

initially asked for medical leave in August 2013, and *prior* to spending any time in the "pool."

For these reasons, Frontera's motion to dismiss Plaintiff's FMLA claim, to the extent that it is based on Frontera's denial of medical leave in August 2013, is denied.

**II. ADA Claim**

Plaintiff's Third Amended Complaint fails to establish a prima facie case of ADA discrimination. In a prior order dismissing the Second Amended Complaint, this Court instructed Plaintiff to allege additional facts to support her ADA claim. (Doc. 24.) Plaintiff has failed to do so.

Frontera argues that Plaintiff's Third Amended Complaint fails to allege sufficient facts to show that she was: (1) disabled within the meaning of the ADA; (2) a qualified individual with a disability; and (3) discriminated against because of her disability. (Doc. 30 at 3.) Here, Plaintiff's failure to plead the first element is dispositive.

Plaintiff has not established that she was disabled under the ADA. The ADA defines a "disabled person" as someone who has a "physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Although work is a major life activity, "[t]o be substantially limited in 'working,' an individual must be significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Baker v. Cty of Merced.*, No. 1:10-CV-2377 AWI SMS, 2011 WL 2708936, at *5 (E.D. Cal. July 12, 2011) (citations omitted).

Here, Plaintiff alleges her medical condition was "imposed upon her" by her employer and coworkers. (TAC ¶ 43.) But for their poor treatment of her, she "would still be at work and performing her job for Frontera." (TAC ¶ 44.) Indeed, Plaintiff alleges that had she been transferred to a different department with different coworkers, she "would still be at work."[1] (TAC ¶ 44.) Thus, Plaintiff's condition was caused by the

---

[1] In her Response, Plaintiff argues that her request for transfer merely reflected a "speculative thought in the hope that [transferring] may help" and she did not know

- 6 -

circumstances of her specific job, and her "inability to perform a single, particular job does not constitute a substantial limitation." *Baker*, 2011 WL 2708936, at *5 (citations omitted); *see also Tyler* v. *Dayton Hudson Corp.*, 42 Fed. Appx. 934 (9th Cir. 2002) ("[W]e cannot say [Plaintiff] was disabled under the ADA where the impairment is the result of working at one place during one period of time.").

Because Plaintiff fails to plead a prima facie case of ADA discrimination, Plaintiff's ADA claim will be dismissed.

**III. Leave to Amend**

"In dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted). Given the record before the Court, including Plaintiff's failure to allege sufficient facts to support their claims against Frontera despite this Court's warning that Plaintiffs would only be granted one final opportunity to amend, the Court concludes Plaintiff cannot cure the deficiencies in her ADA claim, and that dismissal of Plaintiff's ADA claim without leave to amend is proper.

……
……
……
……
……
……
……
……
……

---

"whether her condition would have still rendered her unable to do that new job or in a new place." (Doc. 35 at 3–4.) These new factual allegations were raised for the first time in the Response and will not be considered. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).

Accordingly,

**IT IS ORDERED** Defendant's motion to dismiss the Third Amended Complaint is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** Defendant's motion for summary disposition (Doc. 32) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's motion for extension of time (Doc. 33) is **GRANTED**.

Dated this 5th day of November, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge